UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:21cr374 VMC-CPT

   18 U.S.C. § 922(g)(1)

BENJAMIN DALE AXON

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about October 26, 2020, in the Middle District of Florida, the defendant,

BENJAMIN DALE AXON,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Sale or delivery of cocaine, on or about September 28, 2017,

2. Sale or delivery of cocaine, on or about September 28, 2017, and

3. Sale or delivery of cocaine, on or about September 28, 2017

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Glock firearm.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## COUNT TWO

On or about July 13, 2021, in the Middle District of Florida, the defendant,

BENJAMIN DALE AXON,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Sale or delivery of cocaine, on or about September 28, 2017,
2. Sale or delivery of cocaine, on or about September 28, 2017, and
3. Sale or delivery of cocaine, on or about ~~August~~ September 21, 2017  [CC 11/15/2021  AN 11/30/21]

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Springfield Armory firearm.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## **FORFEITURE**

1. The allegations contained in Count One and Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: Glock 27, Springfield Armory XD-9, Pioneer Arms Corp Hell Pup AK-47, and assorted ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

KARIN HOPPMANN
Acting United States Attorney

By: *[signature]*
Bn: Charlie D. Connally
Assistant United States Attorney

By: *[signature]*
For: James C. Preston, Jr.
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section

FORM OBD-34
November 21

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

BENJAMIN DALE AXON

INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

███████████████████████████
Foreperson

Filed in open court this 30th day

of November, 2021.

_____
Clerk

Bail $_____

GPO 863 525