UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 8:21-cr-374-VMC-CPT

BENJAMIN DALE AXON

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Christopher P. Tuite's Report and Recommendation (Doc. # 81), filed on June 30, 2023, recommending that Defendant Benjamin Dale Axon's Motion to Suppress (Doc. # 23) be denied. Axon filed an Objection (Doc. # 83) on July 14, 2023, to which the United States did not respond.

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Axon's Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

1

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

When considering a report and recommendation, a district judge may "hear additional testimony or the same testimony all over again if [she] decide[s] that would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980). But a district judge "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." United States v. Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001). Generally, however, a district judge "must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations." Id. at 1306.

In his Objection, Axon challenges Judge Tuite's credibility determination that Detective Shayne Rousseau's testimony at the evidentiary hearing was more credible than the testimony of Corinthian Jones, who was Axon's girlfriend at the time of the traffic stop and was driving the vehicle. (Doc. # 83 at 12). While the Court understands Axon's arguments and concerns, the Court defers to Judge Tuite's credibility determination.

Importantly, Judge Tuite was able to observe both Detective Rousseau's and Jones's demeanors on the stand during the January 2023 evidentiary hearing and considered the consistency of their testimony in making his credibility determination. See (Doc. # 81 at 19-21) (explaining why Judge Tuite considered Detective Rousseau's testimony more credible than Jones's, including issues with Jones's demeanor and inconsistencies, while noting that defense counsel's cross examination did not successfully "undermine Rousseau's recounting of the stop"); see United States v. Ramirez-Chilel, 289 F.3d 744, 750 (11th Cir. 2002) (deferring to the magistrate judge's credibility determination where the magistrate took "into account the interests of the witnesses, the consistencies or inconsistencies in their testimonies, and their demeanor on the stand"). While the Court will not

3

delve into all aspects of the testimony, the Court concurs with Judge Tuite's reasons for reaching his credibility determination. For example, the Report and Recommendation notes that Detective Rousseau's testimony that he smelled marijuana as he approached the vehicle was corroborated at least in part by Jones's testimony that she had smoked before she and Axon got into the vehicle. <u>See</u> (Doc. # 55 at 25, 58-59) (Detective Rousseau testifying that during the traffic stop Jones "explained that [she and Axon] had just finished smoking in the vehicle"); (Doc. # 62 at 15) (Jones testifying that she told Detective Rousseau only that she "had smoked before [she] got in [her] car"); <u>see also</u> (Doc. # 81 at 29) (noting "Jones's admission that she and Axon had at least smoked before they got into the car," which occurred before Detective Rousseau "smelled marijuana when he approached" the vehicle"). And, crediting Detective Rousseau's testimony that he observed Jones pass over the stop bar at an intersection and, later, smelled the odor of marijuana emanating from the vehicle, the Court agrees with Judge Tuite that probable cause existed to perform the traffic stop and search of the vehicle.

Axon next argues that Judge Tuite erred in finding that the automobile exception justified the warrantless search of the vehicle in October 2020. (Doc. # 83 at 13-16). He insists

that the automobile exception to the warrant requirement did not apply because "no exigency existed because of the immediate availability of an electronically issued search warrant," despite the vehicle being mobile. (Id. at 15). The Court disagrees. As the Report and Recommendation notes, the "automobile exception does not contain a special exigency requirement beyond a showing that the vehicle is mobile." United States v. Rodriguez, 762 F. App'x 938, 942 (11th Cir. 2019). Furthermore, the Court credits Judge Tuite's observation that "there is not sufficient evidence in the record establishing how long it would actually take an officer to draft and submit an electronic warrant from his police vehicle." (Doc. # 81 at 29 n.20).

Finally, Axon objects that the odor of marijuana alone did not constitute probable cause for a warrantless search of Jones's vehicle. (Doc. # 83 at 16-18). The Court is unpersuaded by Axon's argument that the Court should ignore existing Eleventh Circuit case law on this issue because such precedent was issued "before December 2018 when the possession and smoking of hemp was legalized under federal law and smokeable medical marijuana was legalized under Florida law." (Id. at 18). But, as Axon acknowledges, the possession of marijuana is still illegal under federal law

5

and is also illegal under Florida law, unless the possessor has medical marijuana authorization. Thus, detecting the odor of marijuana in a vehicle still creates probable cause to search that vehicle and the Court has no qualms about applying Eleventh Circuit precedent on this point. See United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) ("There is no doubt that the agent's suspicions rose to the level of probable cause when, as the door stood open, he detected what he knew from his law enforcement experience to be the odor of marijuana."); Merricks v. Adkisson, 785 F.3d 553, 560 n.3 (11th Cir. 2015) ("[T]he smell of burnt marijuana emanating from a vehicle is sufficient probable cause to search a vehicle."). Additionally, Axon ignores that case law decided after December 2018 still supports that the odor of marijuana creates probable cause. See United States v. Roberts, 849 F. App'x 863, 865 (11th Cir. 2021) ("Because we have held that the smell of marijuana alone may create a reasonable suspicion of criminal wrongdoing, see United States v. White, 593 F.3d 1199, 1203 (11th Cir. 2010), and because the group was sufficiently small, the detectives were justified in detaining Roberts."); United States v. Holstick, 810 F. App'x 732, 736 (11th Cir. 2020) ("The smell of marijuana is enough to show probable cause for a search warrant."); United States

v. Reed, No. 118CR00612KOBHNJ, 2019 WL 2710088, at *6 (N.D. Ala. May 3, 2019) ("Numerous Eleventh Circuit and precedential Fifth Circuit cases [unequivocally] rule that the odor of marijuana emanating from a vehicle establishes reasonable suspicion or probable cause for officers to search the vehicle."), report and recommendation adopted, No. 1:18-CR-612 KOB-HNJ, 2019 WL 2643909 (N.D. Ala. June 27, 2019).

Thus, upon due consideration of the record, including Judge Tuite's Report and Recommendation as well as Axon's Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to Suppress. The Court agrees with Judge Tuite's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 81) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Benjamin Dale Axon's Motion to Suppress (Doc. # 23) is **DENIED.**

7

**DONE and ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2023.

                                                                    _____
                                                                    VIRGINIA M. HERNANDEZ COVINGTON
                                                                    UNITED STATES DISTRICT JUDGE